UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

Stacey Miles,

                 Plaintiff,            CV-07-1214(CPS)(RLM)

    - against -                MEMORANDUM OPINION
                                   AND ORDER
Baruch College, City University of
New York, Professional Staff
Congress/City University of New York,
Kathleen Waldron, Officially and
Individually, Nathaniel Charny,
Officially and Individually,
Debra Bergen, Officially and
Individually,

                 Defendants.

-------------------------------------X

SIFTON, Senior Judge.

      Plaintiff Stacey Miles commenced this action on March 21,

2007, and filed an amended complaint ("Amended Complaint") on

August 21, 2007, against defendants Baruch College, City

University of New York ("Baruch"), Professional Staff

Congress/City University of New York ("PSC"), a labor union,

Kathleen Waldron, officially in her capacity as President of

Baruch and individually, Nathaniel Charny, officially in his

capacity as PSC's Legal Affairs Director and individually, and

Debra Bergen, officially in her capacity as PSC's Director of

Contract Administration and individually, alleging that: (1)

Baruch breached its contract with plaintiff, by first

transferring and then terminating plaintiff; (2) Baruch and

Waldron failed to provide procedural due process, pursuant to the

New York State Constitution, Article I, §§ 1 and 8, by denying her a pre- or post-termination hearing; (3) Baruch and Waldron failed to provide procedural due process, pursuant to the United States Constitution, Amendment XIV, as made applicable to Baruch and Waldron by 42 U.S.C. § 1983, by denying her a pre- or post-termination hearing; (4) Baruch violated plaintiff's free speech rights, pursuant to the New York State Constitution, Article I § 6, by retaliating against her for reporting improper governmental action; (5) Baruch and Waldron violated plaintiff's free speech rights, pursuant to the United States Constitution, Amendment I, as made applicable to them by 42 U.S.C. § 1983, by retaliating against her for reporting of improper governmental action; (6) Baruch and Waldron violated the United States Constitution, Amendment XIII, as protected by and made applicable to them by 42 U.S.C. § 1981; (7) Baruch violated N.Y. Civil Service Law § 75(b), by retaliating against her for reporting of improper governmental action; (8) PSC, Charny and Bergen breached their fiduciary duty to plaintiff in failing and refusing to represent plaintiff in her grievances with Baruch; (9) PSC, Charny and Bergen breached their duty of fair representation to plaintiff in failing and refusing to represent plaintiff in her grievances with Baruch;[1] (10) PSC violated 42 U.S.C. § 1981.  Plaintiff

---

[1] New York state common law recognizes a "duty of fair representation," applicable to unions. *See Grassel v. Public Employment Relations Bd.*, 753 N.Y.S.2d 522, 523 (N.Y. App. Div. 2003) ("To establish a breach of the duty of fair representation, it is necessary to show that a union's conduct was

seeks damages, reinstatement, back pay and front pay, attorney's fees, and costs. Now before the Court are defendants Baruch's, Waldron's, PSC's, and Bergen's motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[2] For the reasons set forth below, defendants' motions are granted.

## Background

The following facts are taken from the pleadings in this action and the parties' submissions in connection with this motion. For the purposes of defendants' Rule 12(b)(6) motions, the facts alleged in the Amended Complaint are assumed to be true.

Plaintiff is a black female resident of New York who was employed by Baruch during the time period relevant to this action. Baruch is a senior college within the City University of New York ("CUNY") system,[3] located at One Bernard Baruch Way, New York, New York.[4] PSC is a labor union with its principal place

---

arbitrary, discriminatory, or in bad faith").

[2] Defendant Charny has apparently not been served and no attorney has entered an appearance on his behalf.

[3] *See* http://www1.cuny.edu/about/colleges.html (Listing senior colleges) (last visited January 11, 2008); *see also* N.Y. Educ. Law § 6202(5) ("The term 'senior college' shall mean an institution of higher education in the city of New York.").

[4] Under New York Law, CUNY is a corporate body composed of "each senior college and each community college." *See* N.Y. Educ. Law §§ 6202 and 6202(2) (2007). Thus, Baruch does not appear to be an entity subject to suit apart from CUNY and I will analyze accordingly. *See id.* §§ 6202(2) & 6202(5). I will, however, continue to denominate defendant "Baruch" in this opinion.

of business at 61 Broadway, New York, New York, 10006.  Kathleen
Waldron was, during the relevant time period, and is the
President of Baruch.  Nathaniel Charny was, during the relevant
time period, PSC's Legal Affairs Director.  Debra Bergen was,
during the relevant time period, PSC's Director of Contract
Administration.

Between August 1991 and November 2006, plaintiff was
employed by Baruch College in two capacities, first as an
Assistant to the Higher Education Officer and later as a Higher
Education Assistant.[5]  The terms and conditions of plaintiff's
employment were set out in a written contract, the Collective
Bargaining Agreement ("CBA"), the terms of which included
employment of plaintiff for biennial appointments.  Among other
benefits included in the CBA was membership in PSC.  Plaintiff's
employment was also subject to the Personnel Rules and
Regulations of the City of New York and New York Civil Service
Law.

Over the course of her sixteen years at Baruch College,
plaintiff was employed without incident and received satisfactory
performance reviews.

At some point during her employment, plaintiff discovered
alleged financial improprieties and illegal personnel practices

---

[5] In her duties at Baruch College, plaintiff was responsible, among
other things, for formulating and overseeing compliance with the college's
affirmative action plans.

at Baruch and reported them in writing to Kathleen Waldron.
Shortly thereafter, on October 20, 2006, an unnamed agent of
Baruch requested that plaintiff transfer to another position.
Plaintiff refused and communicated her refusal in writing to her
superiors.  Shortly afterwards, Baruch terminated plaintiff's
employment.  No hearing was held before or after plaintiff's
discharge, though a meeting was held at which plaintiff, a friend
who was not an attorney, and an attorney for Baruch were present;
plaintiff's union representative was not at the meeting, although
PSC was copied on the letter scheduling the meeting.  PSC also
refused to receive, accept and process plaintiff's grievance
relating to the proposed transfer and discharge after plaintiff
requested representation by the union.

**Discussion**

Defendants Baruch and Waldron

    A.  *Lack of Subject Matter Jurisdiction*

    I turn first to these defendants' argument that the Court
lacks subject matter jurisdiction, "since dismissal of an action
for lack of subject matter jurisdiction will render all other
accompanying defenses and motions moot." *Amalgamated Cotton
Garment & Allied Industries Retirement Fund v. Youngworld Stores
Group, Inc.*, 2001 WL 314650, at *2 (S.D.N.Y. Mar. 30, 2001); *see
also Magee v. Nassau County Medical Center*, 27 F. Supp.2d 154,
158 (E.D.N.Y. Nov. 13, 1998).

A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *See Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002); *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996). When a defendant moves to dismiss a cause of action pursuant to Rule 12(b)(1), "the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." *Cedars-Sinai Medical Center v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). For purposes of such a motion, "the allegations in the complaint are not controlling ... and only uncontroverted factual allegations are accepted as true." *Id.* "All other facts underlying the controverted jurisdictional allegations are in dispute and are subject to fact-finding by the district court." *Id.* at 1584. Both the movant and the pleader are permitted to use affidavits and other pleading materials to support and oppose such a motion. *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

### 1. Claims for Damages Against Defendants Baruch and Waldron (Official Capacity)

Defendants Baruch and Waldron, in her official capacity, argue that plaintiff's federal claims are barred by the Eleventh Amendment. Under the Eleventh Amendment's grant of sovereign

immunity,[6] "nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees v. Garrett*, 531 U.S. 356, 363 (2001).[7] "This bar exists whether the relief sought is legal or equitable." *Dube v. State Univ. of New York*, 900 F.2d 587, 594 (2d Cir. 1990) (quoting *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). That immunity extends "not only to a state, but also to entities considered 'arms of the state.'" *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001). The bar also applies to state officers sued for damages in their official capacities. *Chinn v. City University of New York Sch. of Law*, 963 F. Supp. 218, 224-25 (E.D.N.Y. 1997) ("The Eleventh Amendment bar applies 'when State officials are sued for damages in their official capacities'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)).

In *Clissuras v. City University of New York,* 359 F.3d 79, 82 (2d Cir. 2004) *cert. denied*, 543 U.S. 987 (2004), the Second Circuit found that CUNY senior colleges are 'arms of the state'

---

[6] The Amendment reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

[7] While the Eleventh Amendment by its terms does not bar suits against a State by its own citizens, the Supreme Court has consistently held that an unconsenting state is immune from suits brought in federal courts by its own citizens as well by citizens of another state. *See, e.g.*, *Kimel v. Florida Board of Regents*, 528 U.S. 62, 72-73 (2000).

for the purposes of Eleventh Amendment immunity.[8]  "Baruch

College, a senior college of the City University of New York, is

an arm of the State, and hence suits against it are subject to

the same limitations." *Rumain v. Baruch College of City*

*University of New York*, 2007 WL 1468885, at *2 (S.D.N.Y. May 18,

2007).[9]

The only exceptions to immunity are where the state has

waived its immunity or it was validly abrogated by Congress.

*Clissuras*, 359 F.3d at 81 n.3.  Neither CUNY nor the State of New

York has waived its immunity to suit in federal court, and

Congress, in enacting §§ 1981 and 1983, did not intend to

override a state's Eleventh Amendment immunity. *See Quern v.*

*Jordan*, 440 U.S. 332, 345 (1979); *Hewlett v. Rose*, 496 U.S. 356,

365 (1990) ("[T]he State and arms of the State, which have

traditionally enjoyed Eleventh Amendment immunity, are not

subject to suit under § 1983 in either federal court or state

---

[8] In so finding, the court noted that "the state is responsible for paying money judgments entered against CUNY senior colleges" and "ultimate control over how CUNY is governed and operated rests with the state." *Clissuras,* 359 F.3d at 82 (internal quotations omitted).

[9] Defendants also argue that Baruch and Waldron are not "person[s]" within the meaning of § 1983.  Indeed, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," and thus not subject to liability for deprivations of constitutional rights thereunder.  *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).  However, given my analysis below, I need not reach any further conclusion as to this subject, except to note that the Supreme Court has held "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71 n.10 (citations and internal quotation marks omitted).

court."); *Cajuste v. Lechworth Dev. Disabilities Serv.*, 2005 WL 22863, at *3 (S.D.N.Y. Jan. 5, 2005) (New York has not waived its immunity and consented to suit in federal court under § 1981 or § 1983 and Congress's enactment of § 1981 and § 1983 did not override the immunity that the states and their agencies enjoy under the Eleventh Amendment).[10]

Plaintiff also claims that her state rights of due process and free speech were violated, and alleges state law breach of contract and retaliation claims. The Eleventh Amendment, however, is a bar addressed to federal courts, not federal causes of action. Plaintiff's pendent state law due process and free speech claims, based on the New York State Constitution, as well as her additional state law claims, are similarly barred. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984) ("The Eleventh Amendment should not be construed to apply with less force to [pendent] jurisdiction than it does to the explicitly granted power to hear federal claims.")

For the reasons set forth above, plaintiff's first, second, third, fourth, fifth, sixth and seventh claims for relief are dismissed against defendant Baruch for lack of subject matter

---

[10] Even if the claims were grounded directly on the Constitution, they would still be barred by the Eleventh Amendment because Congress has not abrogated state immunity with respect to freestanding claims brought pursuant to § 1 of the Fourteenth Amendment and New York has not waived such immunity. *Koumantaros v. CUNY*, No. 03 Civ. 1-10170, 2007 WL 840115 (S.D.N.Y. March 19, 2007) (citing *Santiago v. N.Y. State Dep't of Corr. Servs.*, 945 F.2d 25, 30 (2d Cir. 1991)).

jurisdiction.[11]  Insofar as they seek damages, they are also

dismissed for lack of subject matter jurisdiction against

defendant Waldron, in her official capacity.

### 2.  _Claims for Injunctive Relief Against Defendant_ _Waldron (Official Capacity)_

An important exception to Eleventh Amendment immunity

provides that suits challenging the constitutionality of a state

official's action, in that actor's official capacity, which seek

a prospective, injunctive remedy are not considered claims

against the state. _Pennhurst,_ 465 U.S. at 102 (discussing _Ex_

_parte Young_, 209 U.S. 123 (1908)); _see also Kulkarni v. City_

_Univ. of New York_, 2001 WL 1415200, at *6 (S.D.N.Y. Nov. 13,

2001) (permitting § 1981 and § 1983 claims seeking appointment to

the position of distinguished professor and to CUNY graduate

center to proceed); _Loren v. Levy_, 2001 WL 921173, at *5

(S.D.N.Y. Aug. 14, 2001) (permitting § 1983 claim for

reinstatement to proceed).[12]  A federal court's grant of

---

[11]  Moreover, § 1983 constitutes the exclusive federal damages remedy for violations of the rights guaranteed in § 1981 by state actors. _Jett v. Dallas Independent School District_, 491 U.S. 701, 731 (1989).

[12]  The rationale for this distinction is found in _Ex parte Young_, 209 U.S. 123 (1908). The _Ex parte Young_ doctrine permits suits for prospective injunctive relief against state officers alleged to have acted in violation of federal law.  The state official may be liable even when the state is otherwise immune from suit.  _Idaho v. Coeur d'Alene Tribe of Idaho_, 521 U.S. 261, 288 (1997) (O'Connor, J., concurring); _id._ at 297 (Souter, J., dissenting).  The doctrine is based on the premise that a state officer's violation of federal law strips his or her state action of its official character and, therefore, that violation should not be shielded by the state's immunity. _Id._ at 288 (O'Connor, J., concurring).

injunctive relief against a state official may not, however, be based on violations of state law. *Pennhurst*, 465 U.S. at 106. Plaintiff's federal claims for prospective, injunctive relief against defendant Waldron in her official capacity are therefore not barred by the Eleventh Amendment. *Dube*, 900 F.2d at 595; *Kulkarni*, 2001 WL 1415200, at *6.

"[A]ctions involving claims for prospective declaratory or injunctive relief are permissible provided the official against whom the action is brought has a direct connection to, or responsibility for, the alleged illegal action." *Davidson v. Scully*, 148 F. Supp.2d 249, 254 (S.D.N.Y. 2001) (quoting *Marshall v. Switzer*, 900 F. Supp. 604, 615 (N.D.N.Y. 1995)) (internal quotation marks omitted); *see also Ex parte Young*, 209 U.S. at 157 (holding that a state officer named as a defendant in a suit for injunctive relief "must have some connection with the enforcement of the [allegedly unconstitutional] act"). Taking the allegations of the Amended Complaint as true, plaintiff alleges that defendant Waldron terminated plaintiff. Thus, I cannot dismiss plaintiff's § 1981 and § 1983 claims against Waldron, in her official capacity, which seek reinstatement, on Eleventh Amendment grounds.[13]

---

[13] One Northern District of New York case holds this exception applies only in circumstances where the state official has the authority to carry out the injunctive relief requested. *Schallop v. New York State Dep't of Law*, 20 F. Supp.2d 384, 391 (N.D.N.Y. 1998). *Schallop* cites no authority for this proposition. In any event, if, as alleged in the Amended Complaint, defendant Waldron could terminate plaintiff's employment, there is no reason to suppose

B. *Failure to State A Claim*[14]

While the Eleventh Amendment does not bar plaintiff's third,
fifth and sixth claims for relief against defendant Waldron in
her official capacity to the extent the relief sought is
injunctive and prospective or the same claims against defendant
Waldron in her individual capacity,[15] for the reasons set forth
below, plaintiff has failed to state a federal claim against
defendant Waldron, in either her official or individual
capacity.[16]

---

she could not rehire her.
    Though not argued, plaintiff is not entitled to reinstatement based on
her due process claim, as a violation of procedural rights requires only a
procedural correction. *Oladokun v. Ryan*, 2007 WL 3125317, at *6 (S.D.N.Y.
Oct. 23, 2007) (citing *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir.
1991)). However, because plaintiff seeks "other and further relief as the
Court deems just and equitable" and because plaintiff pleads a First Amendment
retaliation claim, for which reinstatement is a proper remedy, *see Adler v.
Pataki*, 185 F.3d 35 (2d Cir. 1999), I decline to dismiss on these grounds.

[14] As all of plaintiff's claims against Baruch are barred by the
Eleventh Amendment, I address only defendant Waldron's arguments with respect
to the remaining claims against her. Also, as noted above, since a federal
court's grant of injunctive relief against a state official may not be based
on violations of state law, I address only the alleged violations of federal
law. Certain of the analysis would be relevant to Baruch were these claims
not disposed of on other grounds.

[15] Counsel for plaintiff and defendants Baruch and Waldron notified the
Court at oral argument on this motion that they had reached this conclusion
among themselves. While counsel may also have agreed that the claims for
reinstatement against Baruch were not barred by the Eleventh Amendment, the
authorities suggest otherwise, as discussed *supra*. Even if they were not
barred, plaintiff has failed to state a claim, as discussed *infra*.

[16] As plaintiff has failed to state a claim, I need not, at this
juncture, determine whether defendant Waldron would be entitled to qualified
immunity. Moreover, as with the doctrine of sovereign immunity, qualified
immunity protects only against claims for damages and not against claims for
equitable relief. *Ford v. Reynolds*, 316 F.3d 351, 356 (2d Cir. 2003) (quoting
*Rodriguez v. City of New York*, 72 F.3d 1051, 1065 (2d Cir. 1995)).
Plaintiff's papers in opposition do not address defendants Waldron's and
Baruch's arguments that she has failed to state a claim upon which relief can
be granted.

In considering a motion pursuant to Rule 12(b)(6), a court should construe the complaint liberally, "drawing all reasonable inferences in the plaintiff's favor," *Chambers v. Time Warner*, *Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citing *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001)), although "mere conclusions of law or unwarranted deductions" need not be accepted. *First Nationwide Bank v. Helt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994). Indeed, conclusory allegations "will not suffice to prevent a motion to dismiss." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002). On a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

Nevertheless, to survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet the standard of "plausibility." *See Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1970, 167 L.Ed.2d 929 (2007). Although the complaint need not provide "detailed factual allegations," *id*. at 1964; *see also ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 n. 2 (2d Cir. 2007) (applying the standard of plausibility outside *Twombly's* anti-trust context), it must "amplify a claim with some factual allegations . . . to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2d Cir. 2007)

(emphasis in original) (holding that the plaintiff's complaint adequately alleged the personal involvement of the Attorney General because it was plausible that officials of the Department of Justice would be aware of policies concerning individuals arrested after 9/11).  The test is no longer whether there is "no set of facts" that plaintiff could prove "which would entitle him to relief." *Bell Atlantic*, 127 S.Ct. at 1969 (quoting *Conley v. Gibson*, 355 U.S. 45-46 (1957)) ("[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard").  Rather, the complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  *ATSI Commc'ns*, 493 F.3d at 98 (quoting *Bell Atlantic*, 127 S.Ct. at 1965).

### 1.  *First Amendment Retaliation Claim (§ 1983)*

The Supreme Court has held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti v. Ceballos*, 126 S.Ct. 1951, 1960 (2006) (holding memorandum written by calendar deputy for Los Angeles County District Attorney's Office did not constitute protected speech because it was written pursuant to the calendar deputy's official duties).  The Court continued, "[w]e reject . . . the

notion that the First Amendment shields from discipline the expressions employees make pursuant to their professional duties." *Id.* at 1962.

As alleged in the Amended Complaint, plaintiff, who was responsible for formulating affirmative action plans and other compliance activities, discovered the alleged improprieties "in the course of discharging her duties" and reported the same "in writing" to defendant Waldron.  Plaintiff's own allegations demonstrate that she reported the alleged improprieties and illegal practices pursuant to her employment duties and her speech is analogous to the memorandum in *Garcetti*.  Thus, the report is not protected by the First Amendment.  *See*, *e.g.*, *Weintraub v. Bd. of Educ. of the City of New York*, 489 F. Supp.2d 209, 220-21 (E.D.N.Y. 2001) ("public employees who convey complaints or grievances about a matter pertaining to their official duties to their supervisors do so in their capacities as employees rather than citizens, even when the subject matter of their speech touches upon a matter of public concern, and that such speech is not protected by the First Amendment").

As plaintiff must necessarily show her speech or conduct was protected in order to make out a retaliation claim, *Martinez v. Sanders,* 2005 WL 1870814, at *2 (S.D.N.Y. 2005) (quoting *Garcia v. S.U.N.Y. Health Sci. Ctr. of Brooklyn*, 280 F.3d 98, 106-107 (2d Cir. 2001) (internal quotation marks omitted)), plaintiff has

failed to state a claim for retaliation in violation of the First Amendment against defendant Waldron in either her individual or official capacity.[17]

    2. *Fourteenth Amendment Due Process Claim (§ 1983)*

According to defendant, plaintiff has also failed to state a claim for a federal due process violation. Plaintiff's Amended Complaint alleges that defendant Waldron violated plaintiff's procedural due process rights by failing to provide plaintiff with a pre- or post-termination hearing. It is well recognized that public employees who are subject to dismissal only for cause have a property interest in their employment and may not be discharged without due process. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 578 (1972). It appears that plaintiff falls into this category of public employees as the Amended Complaint alleges she was appointed to her position of Assistant to the Higher Education Officer for two-year terms and the CBA sets forth that employees in plaintiff's position may be subject to termination for just cause. CBA ¶ 21.9.

Nevertheless, plaintiff has failed to state a claim upon which relief may be granted. Initially, plaintiff admits that, pursuant to CBA ¶ 21.9(b), she was provided a meeting concerning her dismissal. Following the meeting, plaintiff could have

---

[17] While governmental misconduct "is a matter of considerable significance," employees are protected by state and/or federal "whistle-blower" laws rather than the First Amendment. *Garcetti*, 126 S.Ct. at 1962.

appealed the termination decision to the Chancellor's Designee, who would have been required to schedule a hearing, and, if that determination had been adverse, plaintiff could have then proceeded to arbitration. CBA ¶ 21.9(e-g). Plaintiff implicitly admits that this grievance process was available by arguing that PSC failed to process her grievance.

Where an employee has the right under a contract to seek arbitration of the dispute, her constitutional rights are protected by those procedures. *DeClara v. Metropolitan Transp. Auth.*, 748 F. Supp. 92, 96 (S.D.N.Y. 1990) (citing *Parrett v. City of Connersville*, 737 F.2d 690, 696 (7th Cir. 1984) ("dispute resolution created by a collective bargaining agreement can satisfy due process requirements") and *Jackson v. Temple Univ.*, 721 F.2d 931, 933 (3d Cir. 1983) ("the right to proceed to arbitration provided [the employee] with an adequate due process safeguard")).

The failure of PSC to process that grievance, however, did not prevent plaintiff from pursuing the process herself which, under ¶¶ 20 and 21 of the CBA, she could have done. Since plaintiff herself chose not to take advantage of the process available to her, she cannot plausibly allege a denial of due process. *Dimino v. New York City Transit Auth.,* 64 F. Supp.2d 136, 160 (E.D.N.Y. 1999) ("While [plaintiff] may not have been obligated to limit her action to the [grievance] procedures

available [under the CBA], having chosen to ignore them, she
cannot then rely on her choice to allege a lack of due
process."). Thus, plaintiff has failed to state a claim for a
due process violation against defendant Waldron in either her
individual or official capacity.

    3. *Thirteenth Amendment Claim (§ 1981)*[18]

Even assuming plaintiff can bring this claim against
defendant Waldron under § 1981, rather than § 1983, *see* footnote
11, *supra*, to establish a claim for a violation of the Thirteenth
Amendment, a plaintiff must demonstrate that "[s]he has been
subjected to compulsory labor akin to African slavery which in
practical operation would tend to produce like undesirable
results." *Ford v. Nassau County Exec.*, 41 F. Supp.2d 392, 400-01
(E.D.N.Y.1999) (internal citation omitted). Moreover, mere
allegations of employment discrimination alone do not trigger
Thirteenth Amendment concerns. *See Matthews v. Freedman*, 128
F.R.D. 194, 202 n. 2 (E.D.Pa.1989) (holding that "courts across
the country have uniformly rejected the existence of a Thirteenth
Amendment cause of action in the context of employment
discrimination."). Plaintiff has alleged no facts to support her
charge that she was subjected to compulsory labor or involuntary

---

[18] At oral argument on this motion, plaintiff withdrew this claim
against Baruch and Waldron, in her official capacity. Thus, I address this
claim with respect to Waldron in her individual capacity only, though the
arguments would be equally applicable to Baruch and Waldron in her official
capacity.

servitude and therefore has failed to plausibly state a claim that her rights under Thirteenth Amendment were violated. The claim against defendant Waldron, in her individual capacity, is accordingly dismissed.

For the reasons set forth above, plaintiff's remaining third, fifth and sixth claims for relief against defendant Waldron, in her official and individual capacities, are dismissed for failure to state a claim.

C. *Remaining State Law Claims*

Because all of plaintiff's federal claims against defendant Baruch are barred by the Eleventh Amendment and because all of plaintiff's federal claims against defendant Waldron, in her official and individual capacities, are either similarly barred by the Eleventh Amendment or fail to state a claim, I decline to exercise pendent jurisdiction over plaintiff's state law claims (first, second, fourth and seventh claims) against defendants Baruch and Waldron, several of which, as noted above, are otherwise barred by the Eleventh Amendment. *See Marcus v. AT&T Co., 138 F.3d 46, 57* (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well"). They are therefore dismissed.[19]

_____

[19] Plaintiff, at oral argument on this motion, conceded her breach of contract claim against defendants Baruch and Waldron, in her official capacity, is barred by the Eleventh Amendment.

PSC and Bergen Defendants

    A.  *Failure to State A Claim*

        1. *<u>42 U.S.C. § 1981 Claim</u>*[20]

    To state a claim under 42 U.S.C. § 1981 for discrimination, a plaintiff must allege facts supporting the following elements: (1) she is a member of a racial minority; (2) defendants' intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities. *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 1999). Those enumerated activities include the rights "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. § 1981(a).

    Plaintiff's allegations against PSC and Bergen are only that no PSC representative appeared at plaintiff's meeting and that PSC refused to receive, accept, and process her grievance relating to the proposed transfer and discharge, though plaintiff requested representation from PSC. Plaintiff included no allegations in her complaint that defendants PSC and Bergen intentionally discriminated against her, that the two events enumerated in her Amended Complaint constitute intentional and purposeful discrimination, beyond a conclusory allegation, that

---

[20] Plaintiff does not address defendants PSC's or Bergen's claim that she has failed to state a claim with respect to her § 1981 claim. Rather, she simply argues that the Court should exercise supplemental jurisdiction over her state law claims. For the reasons set forth below, I decline to do so.

racial animus motivated defendant PSC's or Bergen's conduct, or that any similarly situated persons not members of a racial minority were treated differently or that plaintiff was replaced by someone outside her protected group. *See Commodari v. Long Island Univ.*, 89 F. Supp.2d 353, 375 (E.D.N.Y. 2000) (setting forth such as elements of a *prima facie* § 1981 claim for discriminatory discharge). Plaintiff's § 1981 claim (tenth claim) against defendants PSC and Bergen, in all capacities, is therefore dismissed.

B. *Remaining State Law Claims*

Plaintiff's breach of fiduciary duty and fair representation claims (eighth and ninth claims) against defendants PSC and Bergen are based on state law.[21] Since the § 1981 claim, plaintiff's sole federal claim against defendants PSC and Bergen, is dismissed, and because all the federal claims against defendants Baruch and Waldron are dismissed, I decline to exercise pendent jurisdiction over plaintiff's state law claims against defendants PSC and Bergen. They are accordingly dismissed.

---

[21] The PSC and Bergen defendants argue that the Court lacks subject matter jurisdiction over plaintiff's breach of fiduciary duty and breach of fair representation claims against them because, while such claims are cognizable under the Labor Relations Management Act, 29 U.S.C. § 185, the LMRA does not apply to public employees bringing suit against their union. *Baumgart v. Univ. of New York at Stony Brook Sch. of Med.*, 2005 WL 2179429, at *5 (S.D.N.Y. Sept. 9, 2005). Were the claims based on the LMRA this assertion may have merit. While plaintiff was admittedly unclear in her basis for these claims in her Amended Complaint, she clarifies they are based on state law in her Opposition to Defendants' Motions to Dismiss. Pl. Opp. Mem. at 9. Thus, I need not decide the issue.

## Conclusion

For the reasons set forth above, plaintiff's claims against defendants are dismissed in their entirety.  The clerk is directed to transmit a copy of the within to all parties and the assigned magistrate judge.

SO ORDERED.

Dated :  Brooklyn, New York
         January 24, 2008

                    By: <u>/s/ Charles P. Sifton (electronically signed)</u>
                         United States District Judge